**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER LEE ORTIZ, SR.** | § | |
| **#2514538** | § | |
| | § | |
| **V.** | § | **A-25-CV-01906-RP** |
| | § | |
| **SALLY HERNANDEZ, et al.** | § | |

## ORDER

Before the Court is Plaintiff Christopher Lee Ortiz, Sr.'s civil-rights complaint. The Court granted Plaintiff leave to proceed *in forma pauperis*. For the reasons discussed below, the Court dismisses Plaintiff's complaint.

## STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was confined in the Travis County Correctional Complex (TCCC). Plaintiff was arrested on June 9, 2025. His charges were dismissed December 16, 2025, but he remains in the TCCC due to a parole hold.

Plaintiff sues Sheriff Sally Hernandez, Director of Inmate Behavioral Health and Programs Daniel Smith, and Nurse Practitioner Deryl Brown. According to Plaintiff, he notified a PREA officer at the TCCC that he suffers from PTSD and anxiety and is legally prescribed medical marijuana. Plaintiff alleges he is currently suffering from severe stress and mental anxiety because he has been denied marijuana. Plaintiff states he only takes naturally created medication and not pharmaceuticals. According to Plaintiff, he was told that the jail is not authorized to dispense medical marijuana. Plaintiff requests the Court to authorize the TCCC to dispense medical

1

marijuana and award him punitive damages in the amount of $4,040 per month for every month of his incarceration in the TCCC.

DISCUSSION AND ANALYSIS

1.    <u>Legal Standard</u>

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess*

2

*Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).  Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement.  *Id.*  And although a court must construe a pro se's allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

  2. <u>Medical Care</u>

  To succeed in this § 1983 action, Plaintiff must establish the defendants were deliberately indifferent to his serious medical condition, "an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *see also Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety").  Disagreement with a course of medical treatment will not suffice. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

  Plaintiff's allegations at most amount to a disagreement with a course of medical treatment. Plaintiff does not allege jail officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Instead, Plaintiff alleges jail officials will not dispense medical marijuana and have offered other

medication which Plaintiff refuses. Plaintiff's claims are insufficient to support a claim of deliberate indifference to Plaintiff's medical needs.

Ordinarily, the Court would allow Plaintiff an opportunity to amend his complaint before dismissal. However, any amendment would be futile in this case.

It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that the Clerk of Court shall e-mail a copy of the Court's order and judgment to the keeper of the three-strikes list.

**SIGNED** on January 13, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE